**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Andrew Kartchner**
Assistant U.S. Attorney
Andrew.Kartchner@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 1, 2026

Anna Belesiotis
Assistant Federal Public Defender
101 S.W. Main St., Ste 1700
Portland, OR 97204

Re: *United States v. Julian Contreras-Echevarria*, Case No. 3:19-CR-00513-IM
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Illegal Reentry, in violation of Title 8, United States Code, Section 1326(a).

3. **Penalties**: The maximum sentence is 2 years' imprisonment, a fine of $250,000, 1 year of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant was removed from the United States;

Second, thereafter, the defendant voluntarily entered the United States;

Third, after entering the United States the defendant knew that he was in the United States and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

Fifth, the defendant was an alien at the time of the defendant's entry into the United States; and

Sixth, the defendant was free from official observation or restraint between the moment he physically crossed into U.S. territory and the moment he was apprehended.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

**Defendant Julian Contreras-Echevarria, an alien and native and citizen of Mexico, was ordered removed by an immigration judge on or about August 3, 2001 and removed from the United States for the first time on that same day. Defendant was subsequently removed from the United States on August 17, 2007, Feb. 7, 2008, August 18, 2008, September 9, 2008, April 13, 2011, August 19, 2011, and Sept. 29, 2014. Thereafter, Defendant knowingly reentered the United States unlawfully and knowingly remained. Defendant was free from official observation or restraint between the moment he physically crossed into U.S. territory and the moment he was apprehended. Immigration and Customs Enforcement (ICE) found Defendant in the United States, in the District of Oregon, on or about January 16, 2019 when Defendant was arrested by local law enforcement in Wasco County, Oregon. ICE also found Defendant in the District of Oregon when they arrested him in August of 2026.**

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2L1.2(a) is a Base Offense Level of 8, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

**EARLY RESOLUTION: If the defendant agrees to resolve his case within 90 days of the initial appearance and does not file pretrial motions, the government will agree to recommend a two-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a).**

9. **Sentencing Recommendation**: The USAO will recommend a sentence of time-served, followed by 1 year of supervised release, and the $100 statutory fee assessment, as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior serious drug felony or serious violent felony convictions.

11. **Additional Adjustments or Variances**: The USAO agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward adjustments or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of

the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by September 15, 2026 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Andrew Kartchner*
Andrew Kartchner
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10-26-26
Date

Julian Contreras
Julian Contreras-Echevarria, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10-26-26
Date

Anna Belesiotis, Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)